IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2013

**QUINCY MOUTRY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 99082    Mary Beth Leibowitz, Judge**

**No. E2013-01313-CCA-R3-PC-FILED-JANUARY 28, 2014**

Petitioner pleaded guilty to manufacturing less than .5 grams of a controlled substance and received a sentence of seven years. Petitioner filed an unsuccessful petition for post-conviction relief. On appeal, petitioner contends that he received ineffective assistance of counsel prior to his guilty plea hearing and that his guilty plea was not knowing and voluntary. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Jonathan S. Wood, Knoxville, Tennessee, for the appellant, Quincy Moutry.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Randall Eugene Nichols, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts

A. Guilty Plea Hearing

While neither the indictments nor the judgments are included in the record, we glean that appellant was indicted for manufacturing a controlled substance within 1000 feet of a child care agency or recreation center, possession of cocaine with intent to sell, and simple possession of cocaine. Pursuant to a plea agreement, on October 26, 2011, petitioner pleaded guilty to the lesser-included charge of manufacturing less than .5 grams of cocaine, a Class

C felony, and the State dismissed the remaining two counts. The plea agreement also provided that petitioner would receive a seven-year sentence, to be served at one hundred percent release eligibility and concurrently with a twenty-seven-year sentence he received in an unrelated carjacking case.

At the guilty plea submission hearing, the State presented the following factual basis for the guilty plea:

> [O]fficers with the Knoxville Police Department . . . conducted a number of undercover buys from 1315 Alliance Avenue, Apartment 106. Upon further investigation, it was determined that these buys were made from [petitioner] and that he lived in this apartment with Latasha Bell.
>
> On this particular day, officers with the Knoxville Police Department had a search warrant for this apartment that [petitioner] -- he was stopped in a vehicle leaving from the apartment. They executed the search warrant of the apartment. Inside of the apartment, they found items used to make crack cocaine, to package crack cocaine, baggies, razor blades, some cocaine residue, some marijuana seeds, some scales, ID belonging to [petitioner], as well as letters and clothing in the bedroom that he shared with Ms. Bell.
>
> Further proof would be that all these events did take place in Knox County[] [and] that when [petitioner] was arrested, he [had] $215 in cash on him. All this was consistent with the manufacturing and sale of cocaine.

Petitioner did not object to the State's recitation of the facts. Petitioner stated that he was thirty-four years old and had completed the twelfth grade. He agreed that he understood the offense with which he was charged, the range of punishment he might receive, and the rights he would waive by pleading guilty. He further agreed that he understood his sentence and that his conviction could be used in a subsequent prosecution to enhance his sentence. He agreed that he had not been coerced and stated, "I'm doing it on my own."

Following the guilty plea hearing, petitioner filed a pro se motion to withdraw his guilty plea. However, the trial court determined that the motion was not timely.

B. Post-Conviction Proceedings

Petitioner filed a petition for post-conviction relief, and the post-conviction court appointed counsel, who filed an amended petition. The court held an evidentiary hearing at which petitioner and his trial counsel testified.

Petitioner testified that trial counsel represented him in another case that involved carjacking, robbery, and weapons charges at the same time that he represented petitioner in this drug case. Petitioner went to trial on the carjacking case and was subsequently found guilty and sentenced to twenty-seven years. Petitioner was aware of the drug charges, but trial counsel never discussed the drug case with him. He said that he did not receive a copy of the evidence in the drug case until October 26, 2011, which was intended to be his trial date for the drug case. Petitioner explained that trial counsel gave him the evidence and presented the State's plea offer prior to court and that he did not have an opportunity to review the evidence before his guilty plea hearing. Petitioner testified that after his guilty plea hearing, he reviewed the evidence and determined that, in his opinion, the evidence did not match the offense to which he pleaded guilty. He said he wrote trial counsel a letter asking that trial counsel enter a motion to withdraw the guilty plea. Petitioner said he also called trial counsel but was not able to reach him. Petitioner testified that he was never able to contact trial counsel and that he ultimately filed a pro se motion to withdraw the guilty plea. The trial court, however, determined that the motion was filed after the thirty-day limitation.

Petitioner further testified that he met with trial counsel at the jail on October 25, 2011, but that they primarily discussed the motion for new trial in the carjacking case, which was set to be heard the day after petitioner's trial in the drug case. Petitioner said that the only discussion he and trial counsel had regarding the drug case was when trial counsel presented a plea offer from the State for a two-year sentence. Petitioner also stated that he filed a motion with the trial court requesting new counsel but that the trial court denied his request.

On cross-examination, petitioner testified that he had pleaded guilty to second degree murder and attempted aggravated robbery in 1999. He agreed that the trial court informed him at that time that those convictions could be used in a subsequent proceeding to enhance his punishment. Petitioner further agreed that on June 27, 2011, he had been sentenced as a Range II offender in the carjacking case, but petitioner insisted that he did not know that he would be sentenced as a Range II offender in the drug case. Petitioner testified that he attempted to have trial counsel object to the State's presentation of the factual basis for the plea but that trial counsel ignored him. He said that he was aware that his girlfriend and co-defendant, Latasha Bell, had been prepared to testify against him at trial. Petitioner testified that if he had known what was in the discovery materials, he would not have pleaded guilty. However, he acknowledged that he was charged with manufacturing less than 0.5 grams of a controlled substance and that the laboratory report indicated that 0.2 grams of cocaine was found in the apartment. Petitioner agreed that 0.2 grams is less than 0.5 grams. Petitioner further agreed that he answered "yes" each time the trial court asked him if he understood the guilty plea proceedings. Petitioner testified that he "expressed [his] displeasure" with his

trial counsel to the trial court in the weeks prior to his guilty plea hearing and that he had complained about trial counsel to the Board of Professional Responsibility. He agreed that he did not express any displeasure, however, during the guilty plea hearing.

On re-direct examination, petitioner testified that he understood the guilty plea proceedings, having been through the process before, but that he did not understand the nature of the case against him. Following his testimony, he rested his case.

The State called trial counsel to testify. Trial counsel said that during the sentencing for petitioner's carjacking conviction, the trial court found him to be a dangerous offender. As a result, trial counsel believed that the trial court would have imposed consecutive sentencing in petitioner's drug case had petitioner been found guilty after a trial. Trial counsel testified that petitioner met with him at his office three times while petitioner was on bond. He further testified that he reviewed the evidence in both cases with petitioner during those meetings. In particular, trial counsel recalled showing pictures of items found in the apartment to petitioner because petitioner insisted that he did not live at the apartment. Those items included petitioner's identification, clothing, a traffic citation issued to petitioner, and a photograph of petitioner with a group of men. Trial counsel testified that an issue in the drug case was whether petitioner's girlfriend would testify against him and that she had participated in petitioner's defense before she became a witness for the State. Trial counsel further testified that as far as he knew, petitioner had been aware of the facts of the case prior to pleading guilty. Trial counsel said that he did not recall receiving a letter from petitioner about withdrawing his guilty plea. On cross-examination, trial counsel testified that he advised petitioner that it was in his best interest to accept the plea agreement.

In its written order denying post-conviction relief, the post-conviction court determined that "[t]he proof [was] overwhelming that [petitioner] was aware of the evidence and prospective testimony prior to [the] plea." The post-conviction court found that petitioner did not prove that he would have gone to trial but for any alleged errors of trial counsel.

## II. Analysis

### A. Ineffective Assistance of Counsel

On appeal, petitioner contends that he received ineffective assistance of counsel and that he entered his guilty plea involuntarily and unknowingly as a result of the ineffective assistance. In particular, petitioner alleges that he never had the opportunity to review the evidence against him because trial counsel never discussed the pending drug case with him and did not give him the discovery materials until just before the guilty plea hearing. The

-4-

State responds that petitioner failed to prove his factual allegations by clear and convincing evidence. We agree with the State.

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the trial court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)). Assessing the credibility of witnesses is a matter entrusted to the trial judge as the trier of fact. *R.D.S.*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The post-conviction court's findings of fact are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App.1997)). However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)). As a mixed question of law and fact, this court's review of petitioner's ineffective assistance of counsel claims is de novo with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (citations omitted).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975)). When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted). It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court held:

"[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter*, 523 S.W.2d at 934-35). On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). As such, petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and that the reliability of the outcome was called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)). When a petitioner's claims that ineffective assistance of counsel contributed to his entering a guilty plea that was not voluntary, the Supreme Court has required a petitioner to demonstrate a reasonable probability that but for counsel's ineffectiveness, he would not have entered the guilty plea and would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, in this case, petitioner must demonstrate that trial counsel's representation was deficient and that but for counsel's mistakes, he would not have entered the guilty plea. *Veldora L. Trout v. State*, No. W2000-00857-CCA-R3-PC, 2001 WL 359238, at *2 (Tenn. Crim. App. Apr. 9, 2001).

In this case, the trial court found that the proof was overwhelming that petitioner was aware of the facts of his case prior to pleading guilty, and the record does not preponderate against this finding. Trial counsel testified that he met with petitioner several times to review the discovery in both his carjacking case and his drug case. He specifically recalled showing photographs to petitioner that were related to the drug case and discussing whether petitioner's girlfriend would testify against him. Moreover, petitioner never indicated during his guilty plea hearing that he contested the State's recitation of the facts. The trial court found that petitioner had not proven his factual allegations by clear and convincing evidence. We will not disturb the trial court's factual finding on appeal. Therefore, we conclude that

appellant has not shown that trial counsel's representation was deficient, and he is without relief as to this issue.

## B.  Guilty Plea

Appellant argues that he entered his guilty plea unknowingly and involuntarily because he was unaware of the nature of the case against him due to the ineffectiveness of his counsel.  The State responds that the totality of the circumstances indicate that appellant's decision to plead guilty was knowing, voluntary, and intelligent.  We agree with the State.

A guilty plea must be entered knowingly, voluntarily, and intelligently.  *Lane*, 316 S.W.3d at 562 (citations omitted); *see North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969).  If a plea is not knowingly, voluntarily, and intelligently entered, the guilty plea is void because appellant has been denied due process.  *Lane*, 316 S.W.3d at 562 (citing *Boykin*, 395 U.S. at 243 n.5; *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003)).  To make such a determination, the court must examine "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *Id*. (quoting *Grindstaff v. State*, 297 S.W.3d 208, 218 (Tenn. 2009).  Courts should consider the following factors when ascertaining the validity of a guilty plea: (1) the defendant's relative intelligence; (2) the defendant's familiarity with criminal proceedings; (3) the competency of counsel and the defendant's opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial.  *Id.* (quoting *Howell v. State*, 185 S.W.3d 319, 330-31 (Tenn. 2006)).  "[A] plea is not voluntary if it results from '[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'"  *Id.* at 563 (quoting *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993)).  Thus, the transcript of the plea colloquy must affirmatively show that a defendant's decision to plead guilty was both voluntary and knowledgeable.  *Id.* (quoting *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977).  The trial court must ensure that the defendant entered a knowing and intelligent plea by thoroughly "'canvass[ing] the matter with the accused to make sure that he has a full understanding of what the plea connotes and of its consequences.'"  *Id*. (quoting *Blankenship*, 858 S.W.2d at 904).

In this case, we have already concluded that appellant received constitutionally effective counsel; therefore, his argument that he was unaware of the nature of his case due to his counsel's ineffectiveness is without merit.  Moreover, petitioner was apprised of the facts of his case by the State prior to entering his plea, and the trial court questioned him to ensure that he understood the proceedings.  Petitioner affirmed several times during the plea colloquy that he understood his rights, his plea, and his sentence, and that he was not

coerced. "A Petitioner's testimony at a guilty plea hearing 'constitute[s] a formidable barrier' in any subsequent collateral proceeding because '[s]olemn declarations in open court carry a strong presumption of verity.'" *Bruce S. Rishton v. State*, No. E2010-02050-CCA-R3-PC, 2012 WL 1825704, at *17 (Tenn. Crim. App. May 21, 2012) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). In addition, petitioner testified at the post-conviction hearing that he understood the guilty plea proceedings having been through them before. The record also indicates that trial counsel was concerned that the trial court would have imposed consecutive sentencing had petitioner been found guilty of the drug charges at trial and that he advised petitioner that the guilty plea was in his best interests. We conclude that petitioner entered his guilty plea knowingly, voluntarily, and intelligently. He is not entitled to relief on this issue.

## CONCLUSION

Based on our review of the record, the parties' briefs, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE